[Crim. No. 2791. First Dist., Div. Two. Aug. 25, 1952.]

THE PEOPLE, Respondent, v. ROBERT McCLINTON, Appellant.

Benjamin F. Marlowe for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Leo J. Vanderlans, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda), and Richard C. Lynch, Deputy District Attorney, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on four counts—three charging burglary and one charging an attempt to commit burglary. He was convicted on all four counts. His appeal is from the judgments.

Proof was made that the three dwellings had been entered in the night time as alleged in the first three counts and that the occupant of the fourth dwelling observed a man's arms and shoulders partly through her kitchen window at about 3 a.m. She told him to leave, and he went. The case of the prosecution consisted of proof of defendant's finger prints which were found in all four dwellings. The only defense was an ineffectual attempt to prove an alibi.

The appellant raises two grounds for a reversal—failure to accord him a fair and impartial trial, and abuse of discretion in the restriction of his cross-examination of the state's expert witness.

As no witness was able to identify appellant as the one who had made the entries the state relied on numerous cards,

prints and charts, with enlargements of these, showing the prints taken from the four premises burglarized and the prints taken from appellant after his arrest. The criminologist of the local police department was called by the state as an expert witness to explain these charts and prints as they were on exhibition to the jury. This explanation was long and contained many scientific dissertations on the system of fingerprinting and the method of comparing the latent prints with those taken from the individual, but it was all in answer to the question of the prosecution requesting such explanation. The "objections" were interposed for the obvious purpose of confusing the witness and were properly overruled. The fact that the trial court was unusually fast in making its rulings is no ground for complaint. It merely indicates that the trial court considered the objections frivolous—a fact which cannot be denied. ■ Furthermore no claim of bias or misconduct was made at any stage of the proceedings and such a claim cannot be raised for the first time on appeal.

It should be noted that, during the examination of the expert witness, the court suggested a stipulation that defendant's objection go to all the testimony of the expert wtiness. Counsel for the prosecution offered to so stipulate, but counsel for the defendant refused.

■ The second ground urged—that counsel for appellant was unduly restricted in his cross-examination of the expert witness—is wholly without merit. The witness when called was identified as a criminologist in the local police department. Nothing had been done by the prosecution to conceal that relation. The restriction in the cross-examination of which the appellant now complains went to the oft repeated questions by counsel designed to convince the jury that, because he was a public official, he must be prejudiced and should not be believed. The constant reptition of these questions was stopped by the trial court—and properly so.

There is no debatable issue raised on the appeal. The appellant was fairly tried and fairly convicted. The defendant did not take the stand as a witness. He does not question the sufficiency of the evidence to sustain any one of the verdicts.

The judgments are affirmed.

Goodell, J., and Dooling, J., concurred.